IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BULL MOUNTAIN SANITATION, LLC., <br><br> Plaintiff, <br><br> vs. <br><br> ALLIED WASTE SERVICES OF NORTH AMERICA, LLC. and BAYSIDE DISPOSAL, INC., <br><br> Defendants. | CV 18-147-BLG-SPW-TJC <br><br> **FINDINGS AND RECOMMENDATION** |

Plaintiff Bull Mountain Sanitation ("Bull Mountain") brings this action against Allied Waste Services of North America, LLC ("Republic") and Bayside Disposal, Inc. ("Bayside") (collectively, "Defendants"), alleging Defendants acted through threats and litigation to cause Bull Mountain financial damage and to appropriate its customers. (Doc. 9.) Bull Mountain sets forth three identical claims against each Defendant: tortious interference with contract (Counts One and Four); abuse of process (Counts Two and Five); and malicious prosecution (Counts Three and Six). Bull Mountain seeks general, special, and punitive damages, as well as attorney's fees and costs. (Doc. 9 at 8.)

Currently before the Court is Defendants' Motion for Judgment on the Pleadings. (Doc. 11.) Having reviewed the parties' arguments and submissions,

1

and for the reasons discussed below, the Court recommends Defendants' motion be GRANTED in part and DENIED in part.

**I.     Background**

For purposes of the pending Rule 12(c) motion, the Court accepts as true all factual allegations in the complaint and construes them in a light most favorable to the Defendants. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Accordingly, the Court has compiled the following factual background from Bull Mountain's Complaint.

Bull Mountain is an organized limited liability company that provides solid waste services to residences, ranches, and farms in Musselshell County, Montana. (Doc. 9 at ¶¶ 1,3.) Bull Mountain was created to provide these services to rural Musselshell County residents who did not previously have access to them. *Id.* at ¶ 15. As of March 2015, Bull Mountain had contracted with approximately 70 customers to provide solid waste hauling services. *Id.* at ¶¶ 3-4.

Republic is also a solid waste hauler in Musselshell County, but it services only those parts of Musselshell County within 50 miles of Billings. *Id.* at ¶¶ 5-7. Although Republic has operated in Musselshell County for 20 years, it served only 11 customers in rural Musselshell County as of March 2015. *Id.* at ¶ 9. Bayside is another solid waste hauler in Musselshell County, and served 18 customers in rural Musselshell County as of March 2015. *Id.* at ¶¶11, 13.

In August 2014, Republic sent Bull Mountain a letter demanding Bull Mountain cease all garbage hauling in Musselshell County for residential customers outside of the town of Melstone, and for commercial customers outside a two-mile radius of the post office in Melstone, within 90 days. (Doc 9. at ¶ 18.) Republic's letter accused Bull Mountain of operating without proper certification, and it demanded that Bull Mountain roll-over its customer-base to Republic. *Id.* at ¶¶ 17, 19, 20.

In August 2014, Bull Mountain filed a Petition for Declaratory Ruling before the Montana Public Service Commission ("PSC"), requesting it declare Bull Mountain to be exempt from Class D motor carrier certificate requirements. *Id.* at ¶¶ 21, 22. *See also,* Mont. Code Ann. § 69-12-314. The PSC did not make a finding that Bull Mountain operated illegally; rather, it declared the town of Melstone to be exempt and refrained from issuing a declaratory ruling as to the rest of rural Musselshell County. *Id.* at ¶ 23.

In September 2014, Republic filed a declaratory judgment and injunctive relief action against Bull Mountain in Montana state court. *Id.* at ¶ 24-25. Republic contended Bull Mountain was operating in violation of Montana's motor carrier statues, and asked the court to bar Bull Mountain from hauling solid waste in Musselshell County without a Class D Certificate of Public Convenience and

Necessity. *Id.* at ¶ 25. The action was not resolved when Bull Mountain filed the instant matter. *Id.* at ¶ 26.

In December 2014, Bull Mountain filed an application for Intrastate Certificate of Public Convenience and Necessity before the PSC. (Doc. 9 at ¶ 27.) Both Republic and Bayside filed objections to the application. *Id.* at ¶¶ 28, 19. The PSC conducted a hearing to consider Bull Mountain's application on March 2, 2015. *Id.* at ¶ 30. On April 17, 2015, the PSC granted the application, and issued Bull Mountain a Class D Certificate of Public Convenience and Necessity. *Id.* at ¶ 31. The certificate authorized Bull Mountain to haul garbage between all points and places in Musselshell County, except the town of Roundup. *Id.*

In June 2015, Republic and Bayside filed a petition for judicial review in Montana state court, contending the PSC erred in granting Bull Mountain's certificate. *Id.* at ¶ 32. The petition was resolved in Bull Mountain's favor. *Id.* at ¶ 33.

On September 6, 2018, Bull Mountain filed the instant action, alleging Defendants' actions caused it to lose business and inhibited the growth of its business. (*See* Doc. 9.) Specifically, Bull Mountain alleged Defendants sought to appropriate Bull Mountain's customers by inflicting financial damage upon Bull Mountain so that it was unable to conduct business. *Id.* at ¶¶ 38, 54. The Defendants each filed an answer denying Bull Mountain's allegations. (Docs. 3,

4.) Defendants now move the Court to dismiss Bull Mountain's Complaint for failure to state a claim and order judgment on the pleadings. (Doc. 11.)

## II. Legal Standard

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings. *Abston v. City of Merced*, 2009 WL 3398809, *3 (E.D. Cal. 2009) (citation omitted).

In considering a Rule 12(c) motion, a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)). In ruling on motions for judgment on the pleadings, courts are to apply essentially the same standard as that applied to Rule 12(b)(6) motions. The complaint must contain sufficient factual allegations, accepted as true, to state a claim that is plausible on its face. *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). The Court must assume the truthfulness of the material facts alleged in the complaint, and all reasonable inferences from those facts must be drawn in the plaintiff's favor. *Gen. Conf. Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

A claim is plausible on its face when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Chavez*, 683 F.3d at 1109 (citing *Bell A. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). The claim need not be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts that are "merely consistent with" a defendant's liability fall short of this standard. *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679.

### III. Discussion

#### A. Defendants' Motion for Judgment on the Pleadings

As noted above, the Complaint asserts that Defendants initiated malicious prosecutions against Bull Mountain, tortiously interfered with Bull Mountain's contractual obligations to its customers, and that their actions constituted an abuse of process. (Doc. 9 at 5-8.) In their motion for judgment on the pleadings, Defendants argue Bull Mountain fails to state a claim for relief with respect to any of the claims alleged.

/ / /

/ / /

6

### 1.     **Tortious Interference with Contract (Counts One and Four)**

Defendants argue Bull Mountain does not sufficiently allege a claim of tortious interference with contract because Bull Mountain does not assert that Defendants actions caused Bull Mountain's operations to be halted.  In response, Bull Mountain argues it has alleged facts sufficient to state a claim that Defendants' actions were tortious.

To establish a prima facie case of tortious interference with contractual or business relations, Bull Mountain must show that "the defendant[s'] acts (1) were intentional and willful, (2) were calculated to cause damage to the plaintiff in his or her business, (3) were done with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of the actor, and (4) that actual damages and loss resulted."  *Colstrip Energy Ltd. Partnership v. Thomason Mechanical Corp.*, 2006 WL 6843711, *3 (D. Mont. 2006) (citing *Bolz v. Myers*, 651 P.2d 606, 610 (1982)).  The following factors are considered to evaluate whether a defendant's actions were improper: "the nature of the conduct, motive, the interests of the parties, the social interests in protecting the freedom of action and the concomitant contractual interest, the proximity of the conduct to the interference, and the relations between the parties."  *Sonju Indus., Inc. v. Precise Solutions Corp.*, 2014 WL 1347989, *7 (D. Mont. 2014) (citing *Emmerson v. Walker*, 236 P.3d, 598, 603 (Mont. 2010)).

Bull Mountain has alleged sufficient factual content to state a plausible claim for interference with contract or business relations. Bull Mountain alleges it had contracted with various residences, ranches, and farms to provide waste hauling services. (Doc. 9 at ¶ 3). Bull Mountain alleges that Republic sent it a demand to cease garbage hauling for its contracted customers, and it demanded that Bull Mountain "cooperate and roll-over its customer base to Republic." *Id.* at ¶ 18, 20. When this was not successful, it is also alleged that Defendants engaged in litigation against Bull Mountain to disrupt its business operations. (Doc. 9 at ¶¶ 36-38; 52-54.) Bull Mountain asserts that Defendants' actions were intentional and motivated by their desire to drive Bull Mountain out of business and appropriate its customers. *Id.* at ¶¶ 38, 54. Bull Mountain also claims Defendants initiated litigation with the purpose of causing Bull Mountain financial damage. *Id.* at ¶¶ 36, 52. Finally, Bull Mountain alleges it suffered damages in the form of lost business and inhibited business growth. *Id.* at ¶ 34.

The Court is thus satisfied that Bull Mountain has sufficiently alleged facts, accepted as true, to state a plausible claim against Defendants for tortious interference with contract and business relations. It is therefore recommended that Defendants' motion for judgment on the pleadings be denied with respect to Counts One and Four of Plaintiff's Complaint.

/ / /

## 2. Abuse of Process (Counts Two and Five)

Defendants also move for judgment on the pleadings as to Bull Mountain's claim of abuse of process. "The gist of the abuse of process tort is said to be the misuse of legal process primarily to accomplish a purpose for which it was not designed." Dobbs et al., *The Law of Torts* § 594 (2d ed. 2019). Abuse of process requires a showing of "(1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Hughes v. Lynch*, 164 P.3d 913, 918 (Mont. 2007) (quotations omitted). Abuse of process requires "some definite act or threat not authorized by the process, or aimed at an object not legitimate in the use of the process." *Id.* (citations omitted). Improper purpose often consists of coercion used to obtain collateral advantage; *i.e.*, "the use of the process as a threat or a club." *Id.* The Montana Supreme Court has also held that "for a defendant to claim abuse of process, there must be an attempt by the plaintiff to use process to coerce the defendant to do some collateral thing which he could not legally and regularly be compelled to do." *Id.* (quoting *Brault v. Smith*, 679 P.2d 236, 240 (Mont. 1984)).

Defendants argue Bull Mountain does not state a claim for abuse of process, because "pressing valid legal claims to their regular conclusion, does not by itself constitute abuse of process." (Doc. 12 at 10) (citing *DuBray Land Services, Inc. v. Schroder Ventrures US*, 2006 WL 8435793, *1 (D. Mont. 2006)). With respect to

Republic's declaratory judgment and injunctive relief action against Bull Mountain, Defendants argue they had a valid basis to seek such relief because Bull Mountain was operating without a Class D certificate, which it later applied for and obtained.  Defendants also argue their joint request for judicial review of the PSC's decision granting Bull Mountain a Class D certificate was a valid legal claim.  They assert the PSC's decision was challenged because it was not supported by substantial evidence.  Finally, Defendants maintain that dismissal is proper because Bull Mountain has not alleged that process was used to coerce it to do some collateral thing that it would otherwise not have been compelled to do.

      The Court finds that Bull Mountain has alleged a plausible claim for abuse of process.  First, it has alleged facts to support an inference that Defendants initiated judicial proceedings against it with an ulterior motive.  That is, Defendants initiated judicial proceedings to force Bull Mountain out of business and to turn over its customer base.  Bull Mountain's claim is supported by the factual allegation that Republic sent Bull Mountain a demand that it cease operations and roll-over its customer base to Republic.

     In addition, Bull Mountain has alleged sufficient facts to support an inference that Defendants initiated judicial proceedings for an improper purpose. The Montana Supreme Court has determined that bringing a judicial proceeding may be an abuse of process if the "purpose in bringing the suit, as well as [the]

10

conduct of utilizing the suit [is] as an instrument of coercion, rather than as a legitimate means to resolve a genuine dispute." *Seltzer v. Morton*, 154 P.3d 561, 580 (Mont. 2007). *But see Hughes*, 164 P.3d at 919-20 (finding that simply filing a complaint with the Human Rights Commission, without more, is not sufficient to sustain a claim for abuse of process).

Here, Bull Mountain has alleged more than the mere filing of judicial proceedings to support its abuse of process claim. The factual allegations of Bull Mountain's complaint support the inference that the judicial proceedings were not initiated for the purpose of determining whether Bull Mountain was, in fact, qualified to receive Class D certification. Rather, they were initiated for the ulterior purpose of forcing the turnover of Bull Mountain's customer base and coercing it out of business. Plaintiff's allegations sufficiently allege the Defendants' initiation of judicial proceedings constituted "the use of process as a threat or a club." *Hughes*, 164 P.3d at 918. Thus, Bull Mountain has stated a plausible claim that the judicial proceedings were used coercively "rather than [as] a legitimate means to resolve a genuine dispute."

Bull Mountain has also sufficiently alleged that Defendants used litigation to coerce it "to do some collateral thing which [it] could not be legally and regularly compelled to do." *Hughes*, 164 P.3d at 918 (quoting *Brault*, 679 P.2d at 240). Obviously, Bull Mountain could not otherwise be compelled to simply turn over its

11

business contracts to Defendants.  Therefore, the same factual allegations noted above tend to support Bull Mountain's claim that Defendants used legal process to coerce it to abandon its business and hand over its customers to Defendants.

Defendants are correct that "pressing valid legal claims to a regular conclusion" is not itself an abuse of process.  *Salminen v. Morrison & Frampton, PLLP*, 339 P.3d 602, 610 (Mont. 2014).  Moreover, "it is not an abuse of process to make a claim for the legitimate purpose of attaining all available recourse."  *Spoja v. White*, 317 P.3d 153, 158 (Mont. 2014).  Defendants may ultimately be able to demonstrate a proper purpose for their actions.  But at this stage in the proceedings, the Court cannot find Bull Mountain has failed to allege facts to support a plausible claim for abuse of process.  Defendants' motion for judgment on the pleadings should be denied with respect to Counts Two and Five of the Complaint.

### 3.     Malicious Prosecution (Counts Three and Six)

"A malicious prosecution begins in malice, without probable cause to believe the action can succeed, and finally ends in failure."  *Plouffe v. Montana Dept. of Pub. Health and Human Servs.*, 45 P.3d 10, 14 (Mont. 2002).  To prevail on a claim for malicious prosecution, the plaintiff must prove each of the following elements: (1) a judicial proceeding was commenced and prosecuted against the plaintiff; (2) the defendant was responsible for prosecuting or instigating that

proceeding; (3) the defendant lacked probable cause; (4) the defendant was motivated by malice; (5) the judicial proceeding terminated in the plaintiff's favor; and (6) the plaintiff suffered damage. *Id.* Failure to establish just one of these elements requires judgment for the defendant. *Id.*

Defendants present two grounds supporting their argument that Bull Mountain's malicious prosecution claims should be dismissed: (1) Bayside did not commence and prosecute an action against Bull Mountain and (2) Bull Mountain has not alleged that the declaratory judgment and injunctive relief proceeding with Republic has resolved in its favor. (Doc. 12 at 6.)

The Court finds Bull Mountain's malicious prosecution claims against Bayside and Republic fail to allege sufficient facts to support the disputed elements. With respect to Bayside, Bull Mountain has not sufficiently alleged Bayside instigated a judicial proceeding against it. Bull Mountain asserts Bayside filed a petition for judicial review "contending that [sic] Commission committed err when the Commission granted Bull Mountain its Class D Certificate of Public Convenience and Necessity." (Doc. 9 at ¶ 32.) Although this fact establishes Bayside instigated a judicial proceeding against the PSC, it does not allege Bayside instigated a judicial proceeding against Bull Mountain. Bull Mountain has thus failed to allege facts to plausibly support the first requirement of malicious

13

prosecution. The Court therefore finds Bull Mountain fails to state a claim for malicious prosecution against Bayside.

Bull Mountain has also failed to sufficiently allege a malicious prosecution claim against Republic. To the extent Bull Mountain's malicious prosecution claim against Republic also relates to the Defendants' petition for judicial review against the PSC, the claim fails for the same reasons discussed above. In addition, Bull Mountain's claim against Republic regarding the declaratory judgment and injunctive relief proceeding also fails because Bull Mountain has not alleged the proceeding terminated in its favor. (Doc. 9 at ¶¶ 24-26.)

Bull Mountain vaguely alleges "Republic was not and has not been granted its requested relief[.]" *Id.* at ¶ 26. "In actions for malicious prosecution the party bringing the action must prove that there has been a termination of proceedings." *First Trust Co. of Montana v. McKenna*, 614 P.2d 1027, 1032 (Mont. 1980) (citing 52 Am. Jur. 2d Malicious Prosecution § 14 at 195, "it is essential that the original proceeding shall have been previously terminated in favor of the party bringing the malicious prosecution action."). In its response brief, Bull Mountain "concedes the Musselshell Declaratory Judgment action has not fully resolved. Upon its resolution a separate action for malicious prosecution may arise." (Doc. 21 at 4.) In their reply brief, Defendants indicate that the action was dismissed without

prejudice on December 12, 2018. (Doc. 22 at 3.) But Bull Mountain has not amended its complaint alleging as much.

For these reasons, the Court recommends Bull Mountain's claims against Defendants for malicious prosecution in Counts Three and Six of the complaint should be dismissed for failure to state a plausible claim.

## V. Conclusion

Based on the foregoing findings, IT IS RECOMMENDED that:

1. Defendant's Motion for Judgment on the Pleadings (Doc. 11) be DENIED as to Bull Mountain's intentional interference with contract claims (Counts One and Four);

2. Defendants' Motion for Judgment on the Pleadings (Doc. 11) be DENIED as to Bull Mountain's abuse of process claims (Counts Two and Five); and

3. Defendant's Motion for Judgment on the Pleadings (Doc. 11) be GRANTED without prejudice as to Bull Mountain's malicious prosecution claim against Republic (Count Three), and GRANTED with prejudice as to Bull Mountain's malicious prosecution claim against Bayside (Count Six).

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to

the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

    DATED this 31st day of July, 2019.

                                              _____
                                              TIMOTHY J. CAVAN
                                              United States Magistrate Judge