IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BULL MOUNTAIN SANITATION, LLC., <br><br> Plaintiff, <br><br> vs. <br><br> ALLIED WASTE SERVICES OF NORTH AMERICA, L.L.C., *et al*, <br><br> Defendants. | CV 18-147-BLG-SPW-TJC <br><br> **ORDER DENYING MOTION TO COMPEL** |

Before the Court is Plaintiff Bull Mountain Sanitation, LLC's (Bull Mountain) Motion to Compel. (Doc. 52.) Both parties filed briefs in this matter. (Docs. 53 & 55.) Upon subsequent order of this Court, Defendant Allied Waste Services of North America, L.L.C. , dba Republic Services of Montana (Republic), filed the documents at issue under seal for in camera review. (Docs. 60 & 61.) The Court reviewed the documents and then held a hearing on May 29, 2020. (*See* Doc. 57.)

The documents at issue are e-mail exchanges between Montana Solid Waste Contractors, Inc. (MSWC) and its counsel, Doney Crowley, P.C. Certain employees of Republic were copied on the emails. Republic objected to production of the e-mails on the grounds that they constituted attorney-client communications.

Bull Mountain filed a motion to compel the production of the documents. (Doc. 52.) Bull Mountain asserts that the e-mails were between Republic and its counsel, and that any privilege was waived when the communications were disclosed to MSWC. Bull Mountain thus asserts that the issue presented by its motions is "whether the sharing of communications by the Defendants and its counsel with the membership of the Montana Solid Waste Contractors . . . created a waiver of the [attorney-client] privilege that otherwise might have existed." (Doc. 53 at 3.)

The Court finds the premise to Bull Mountain's argument to be incorrect. Republic was a member of MSWC. (Doc. 55-2 at ¶ 6.) The subject communications were not between Republic and its counsel; they were between MSWC and its counsel, and Republic was copied as a member of MSWC. Therefore, no disclosure to a third-party occurred which would constitute a waiver of the attorney-client privilege. The communications at issue between MSWC and its counsel were between attorney and client and thus privileged.

Accordingly, IT IS ORDERED that Plaintiff's motion (Doc. 52) shall be DENIED.

DATED this 29th day of May, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge